## BROWN v. CRONISE.

WHERE a creditor receives, on account of his debt, a bill of exchange drawn in his favor by the debtor upon a third person, it operates but as a conditional payment; if, however, the creditor fails to present it to the drawee for acceptance or payment as required by the rules of commercial law, it becomes thereby an actual charge against him, and operates *pro tanto* as a satisfaction of his demand.

APPEAL from the Seventh Judicial District.

This action was commenced Oct. 23d, 1861, by R. S. Brown to recover a balance of three hundred and sixty-one dollars alleged to be due from defendant, T. F. Cronise, for wood sold and delivered to him by plaintiff.

The answer, among other matters of defense, claims a credit of two hundred dollars, on account of a bill of exchange drawn for that amount in favor of plaintiff by defendant on W. H. Cronise in San Francisco. This bill was dated October 15th, 1861, and requested W. H. Cronise to pay plaintiff two hundred dollars on the twenty-third of that month. It was never presented to the drawee, either for acceptance or payment, but sometime in November, after the action was commenced, plaintiff offered to return it to defendant who refused to receive it.

The Court below allowed the amount of the bill as a payment on plaintiff's demand, and gave him judgment for the balance. From this judgment plaintiff appeals.

*W. H. Patterson*, for Appellant, cited *Clark* v. *Young*, (1 Cranch, 181) ; *Tobey* v. *Barber*, (5 Johns. 68) ; *Holmes* v. *De Camp*, (1 Id. 34) ; *Burdick* v. *Green*, (15 Id. 247) ; 8 Com. 472; *Griffith* v. *Grogan*, (12 Cal. 317) ; *Higgins* v. *Wortell*, (18 Id. 330).

*J. M. Seawell*, for Respondent.

When a debtor gives to his creditor a bill or note on which such debtor is liable as drawer or indorser, the future relations of the parties are to be determined by the laws which regulate bills of exchange and promissory notes. I am aware that there are cases, such as *Tobey* v. *Barber*, (5 Johns. 68) and *Griffith* v. *Grogan*, (12 Cal. 317) which decide that unless the note is received by express agreement as payment, it does not extinguish the debt. But in these cases the note was the note of a third party, and the defendants were not liable as indorsers or drawers thereof. Where a debtor becomes liable on a negotiable instrument as a drawer or indorser, it is unnecessary and unjust that he should continue to be liable on the original indebtedness. But in this case the defendant was the drawer of the bill. The law presumes that he had funds in the hands of the drawer, and that he was prejudiced by the neglect of the holder to present the bill for acceptance and payment, and to give notice of non-acceptance and non-payment to the drawer. The uncontradicted averments of the answer establish the fact that the bill was not presented either for acceptance or payment by the plaintiff or any other person. The plaintiff has not attempted to excuse his conduct by any evidence, and the law declares by a rule as inexorable as the laws of nature that the drawer is discharged.

" The receipt of a bill," says Judge Story, " implies an undertaking on the part of the indorser, receiver, or other holder, to every other party to the bill, who would be bound to pay it, and would be entitled to bring an action on paying it, to present it in

proper time, when necessary, for acceptance, and at maturity for payment— * * to give notice without delay to every such party of a failure in the attempt to procure acceptance or payment, and to take all the proper steps (such as making a protest) and do all the proper acts required by law, upon such dishonor, to verify and establish the same. A default in any of these respects will discharge the party in respect to whom there has been any such default, and who would be bound to pay the same, from all responsibility on account of the non-acceptance, or non-payment of the bill, and will operate as a satisfaction of any debt, or demand for which it was given." (Story on Bills, secs. 113, 227, 303, 304, 344, 376, 393, 419; Bailey on Bills, chap. 7, sec. 1, p. 217, 5th ed.; Id. sec. 2, p. 286; Chitty on Bills, chap. 10, pp. 476, 467, 468.)

None of the positions assumed by respondent conflict with the late case of *Higgins* v. *Wortell*, (18 Cal. 330) which decides that a note given by a debtor to his creditor operates only to extend the time of payment, and that on the failure of the debtor to pay the note, a right of action accrues on the original indebtedness as well as on the note. In that case the defendants were the makers of the note, and could not be prejudiced by a failure to make demand or to give notice. Here the defendant is the drawer of a bill, and his rights and responsibilities are in all material respects the same as those of the indorser of a note.

COPE, J. delivered the opinion of the Court—NORTON, J. concurring.

The defendant, being indebted to the plaintiff, drew a bill of exchange in his favor. upon a third person for a part of the amount. The bill was drawn on the fifteenth of October, 1861, and was payable on the twenty-third of the same month, but has not been presented for payment. The plaintiff sues upon the original indebtedness, and the defendant relies upon the bill as a discharge *pro tanto*. The receipt of a note or bill on account of a preëxisting indebtedness does not, *per se*, extinguish the debt. It operates, however, as a conditional payment; and if the payee of a bill so conduct himself as to release the drawer from liability upon it, he cannot maintain an action for the debt. Story, in his work on Bills, after

stating the obligations resting upon the holder in regard to present-
ment, says: "A default in any of these respects will discharge the
party in respect to whom there has been such default, and who
otherwise would be bound to pay the same, from all responsibility
on account of the non-acceptance or non-payment of the bill, and
will operate as a satisfaction of any debt or demand for which it
was given." (Story on Bills, sec. 112.) The authorities cited by
the appellant are to the effect that receiving the bill does not of
itself extinguish the debt; which, of course, is a very different
question from the one presented here. The plaintiff offers no excuse
for his failure to present the bill, and, so far as it goes, the defend-
ant is entitled to the benefit of it in discharge of the debt.

Judgment affirmed.