## THE STATE v. LEIGHTON.

1. **Criminal Law : INDICTMENT: ROBBERY.**  A charge in an indictment for robbery that the defendant did, with force, etc., steal, take, and carry away from another certain property, is not equivalent to charging that it was taken from his person, and is insufficient.

*Appeal from Lee District Court.*

WEDNESDAY, OCTOBER 5.

THE defendant was convicted of the crime of robbery, alleged to have been committed upon Isaac Mendenhall. Judgment having been rendered upon the verdict he appeals.

*Geo. F. Hilton* and *O. B. Hillis,* for appellant.

*Smith McPherson, Attorney General,* for the State.

ADAMS, CH. J.—The question presented is in relation to the sufficiency of the indictment.    It was raised by motion in arrest of judgment.    The ground of the motion as stated was that " the indictment does not charge the crime of robbery in that it does not aver the taking to be from the person of another."    The averment is that the defendant, with force, etc., and by putting in fear, etc., " did take, steal, and carry away from the said Isaac Mendenhall."    It is contended by the appellant that the indictment in order to charge the crime of robbery commited upon Mendenhall should have charged a taking from the *person* of Mendenhall, and not merely a taking from him.    He bases his position

upon the language of the statute, Code, section 3858, which provides that "if any person with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery."

The Attorney General contends that the charge as contained in the indictment would, to a person of ordinary understanding, mean a taking from the person, or if not it would mean a taking from his *immediate presence*, which he says is sufficient at common law, and so must be regarded as sufficient under our statute. In support of his view as to the meaning of the indictment, he insists that it necessarily charges something more than larceny, which is a mere taking of the property of another, and the argument is that if the indictment charges a crime other than larceny by reason of charging a taking *from* another, instead of charging a taking of the property of another, the crime charged must be robbery.

But in our opinion the language used lacks that certainty which is required in an indictment. While it is true that a taking of property from the person of another or from his immediate presence is a taking from him, yet it is also true that any taking of the property of another is a *taking from him* within the meaning of those words. *Taking from* does not necessarily mean more than mere deprivation.

The precise question involved arose in *People v. Beck*, 21 Cal., 386, and the indictment was held bad.

We think that the motion in arrest should have been sustained.

                                        REVERSED.